UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CR. NO. 1:22-CR- 275 |
| v. : | |
| : | (Judge Conner ) |
| **JOHVAUGHAN YOUNG**, : | |
| Defendant. : | |

FILED
HARRISBURG, PA

**INDICTMENT**

AUG 1 0 2022

THE GRAND JURY CHARGES:

PER ___I3R___
DEPUTY CLERK

**COUNT 1**
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about June 30, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG,**

in connection with the acquisition of a firearm, that is a Smith and Wesson model SD9VE, 9mm pistol, Serial Number FCJ2993, from Bass Pro Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Bass Pro Shop, which statement was intended and likely to deceive Bass Pro Shop, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was

purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about July 15, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG,**

in connection with the acquisition of a firearm, that is a Taurus model PT111G2A, 9mm pistol, Serial Number ABG642024, from Bass Pro Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Bass Pro Shop, which statement was intended and likely to deceive Bass Pro Shop, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about August 1, 2020, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Glock model 19 Gen5, 9mm pistol, Serial Number BNSS816, from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to SPAR Firearms, which statement was intended and likely to deceive SPAR Firearms, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).


THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about August 13, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

## JOHVAUGHAN YOUNG,

in connection with the acquisition of a firearm, that is a Canik model TP9SF, 9mm pistol, Serial Number 20AT11783, from 717 Armory, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to 717 Armory, which statement was intended and likely to deceive 717 Armory, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about September 23, 2020, in Cumberland County,

4

Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG,**

in connection with the acquisition of a firearm, that is a Glock model 48, 9mm pistol, Serial Number BPZT274, from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to SPAR Firearms, which statement was intended and likely to deceive SPAR Firearms, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 6
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about October 25, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Glock model 17, 9mm pistol, Serial Number BREC015, from 717 Armory, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to 717 Armory, which statement was intended and likely to deceive 717 Armory, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 7
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about November 9, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Baretta model APX, 9mm pistol, Serial Number A098054X, from Bass Pro Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Bass Pro Shop, which statement was intended and likely to deceive Bass Pro Shop, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 8
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about December 4, 2020, in Dauphin County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Glock model 45, 9mm pistol, Serial Number BYY161, from 717 Armory, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to 717 Armory, which statement was intended and likely to deceive 717 Armory, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 9
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about December 5, 2020, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Diamondback model DB15, 5.56 caliber pistol, Serial Number DB2019868, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Sportsman's Warehouse, which statement was intended and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

9

THE GRAND JURY FURTHER CHARGES:

## COUNT 10
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about January 4, 2021, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Glock model 43X, 9mm pistol, Serial Number BPAP412, from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to SPAR Firearms, which statement was intended and likely to deceive SPAR Firearms, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 11
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about January 27, 2021, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

in connection with the acquisition of a firearm, that is a Glock model 20SF, 10mm pistol, Serial Number BRYZ339, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Sportsman's Warehouse, which statement was intended and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

11

THE GRAND JURY FURTHER CHARGES:

## COUNT 12
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about February 12, 2021, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

### JOHVAUGHAN YOUNG,

in connection with the acquisition of a firearm, that is a Glock model 45Gen5, 9mm pistol, Serial Number BSBL452, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Sportsman's Warehouse, which statement was intended and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 13
18 U.S.C. § 922 (a)(6)
(False Statement During Purchase of a Firearm)

On or about September 14, 2021, in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania, the defendant,

## JOHVAUGHAN YOUNG,

in connection with the acquisition of a firearm, that is a Glock model 17, 9mm pistol, Serial Number AFUD273, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Sportsman's Warehouse, which statement was intended and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under chapter 44 of Title 18, in that, the defendant represented that he was purchasing said firearms for himself.

In violation of Title 18, United States Code, Section 922(a)(6).

THE GRAND JURY FURTHER CHARGES:

## COUNT 14
18 U.S.C. § 922 (a)(1)(A)
(Engaging in the Firearms Business Without a License)

On or about the dates of June 30, 2020, through September 14, 2021, in the Middle District of Pennsylvania, the defendant,

**JOHVAUGHAN YOUNG**,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

THE GRAND JURY FURTHER ALLEGES:

### FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 13 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), upon conviction of an

offense in violation of Title 18 United States Code, Section 922(a)(6) the defendant,

## JOHVAUGHAN YOUNG,

shall forfeit to the United States of America any firearms and ammunition involved in the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a Smith and Wesson model SD9VE, 9mm pistol, Serial Number FCJ2993, and ammunition purchased on and about, June 30, 2020;

   b. a Canik model TP9SF, 9mm pistol, Serial Number 20AT11783, and ammunition, purchased on or about August 13, 2020;

   c. a Glock model 45, 9mm pistol, Serial Number BYY161, and ammunition purchased on and about December 4, 2020;

   d. a Glock model 43X, 9mm pistol, Serial Number BPAP412, and ammunition purchased on and about January 4, 2021;

   e. a Glock model 20SF, 10mm pistol, Serial Number BRYZ339, and ammunition purchased on and about January 27, 2020;

   f. a Glock model 45Gen5, 9mm pistol, Serial Number BSBL452, and ammunition purchased on and about February 12, 2021; and

   g. a Glock model 17, 9mm pistol, Serial Number AFUD273, and ammunition, purchased on and about

15

September 14, 2021.

If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

A TRUE BILL

GERARD M. KARAM  
United States Attorney

FOREPERSON

*(signature)*  
JAIME M. KEATING  
Assistant United States Attorney

8/10/22  
Date

16